**OILMEN'S RECIPROCAL ASS'N v. GIL-CHREAS et al. (No. 3214.)**

(Court of Civil Appeals of Texas. Texarkana. April 29, 1926.)

1. **Master and servant ⬦⟶388—Grandparents, brothers, and sister of deceased held "dependents," within Compensation Act, where he contributed something in substantial way assisting them to live (Workmen's Compensation Act, pt. 1, § 8a [Vernon's Ann. Civ. St. Supp. 1918, art. 5246—15]).**

Grandparents, brothers, and sister *held* "dependents" of deceased employee, within Workmen's Compensation Act, pt. 1, § 8a (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—15), and entitled to claim compensation for his death as such, where they were the only persons who might assert such claim, and deceased employee contributed something which in a substantial way aided claimants to live.

. [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Dependent.]

2. **Appeal and error ⬦⟶909(5)—Reviewing court must presume that insurer received premium compensating it for carrying risk of injuries which it covered.**

Where it was conceded that policy of insurance issued by insurer to employer covered injuries sustained by deceased employee, reviewing court must presume that insurer received premium which compensated it for carrying that risk.

3. **Master and servant ⬦⟶388—Compensation for death may be claimed if deceased contributed something which in substantial way aided claimants to live (Workmen's Compensation Act, pt. 1, § 8a [Vernon's Ann. Civ. St. Supp. 1918, art. 5246—15]).**

Workmen's Compensation Act, pt. 1, § 8a (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—15), does not require that claimants for compensation for death shall be wholly dependent on employee's services, or contributions; it being sufficient if he contributed something which in a substantial way aided and assisted claimants to live.

Appeal from District Court, Harris County; W. E. Monteith, Judge.

Proceeding under the Workmen's Compensation Act by J. A. Gilchreas, guardian, and others, for an award for the death of Earl Gilchreas, employee, opposed by the Oilmen's Reciprocal Association, insurer. Industrial Accident Board made an award in favor of claimants, and from judgment for claimants in district court sustaining award, insurer appealed. Affirmed.

Andrews, Streetman, Logue & Mobly, of Houston, for appellant.

Collins & Houston, of Dallas, for appellees.

HODGES, J. This appeal is from a judgment sustaining an award made by the In-

dustrial Accident Board fixing a liability against the appellant. The appellees are the grandfather, grandmother, sister, and brothers of Earl Gilchreas, who was killed in August, 1923, while in the service of the Coastal Oil Company. At the time of the killing the Coastal Oil Company held a policy of insurance issued by the appellant under the terms of the Workmen's Compensation Act. When killed the deceased · was earning a rate of wages which justified an allowance of $17.30 per week to those who might claim as beneficiaries under the statute. A report of his death was made in due time, and a claim was promptly presented and filed with the Industrial Accident Board by the grandparents for themselves and for the minor sister and brothers, upon which an allowance of $17.30 per week for 360 weeks was made by the board. This suit was later filed in the district court of Harris county by the appellant, seeking to have the award set aside upon the ground that the above-named parties were not the dependents of the deceased and were not entitled to recover anything under the terms of the statute. A trial before the court resulted in a judgment against the appellant, from which this appeal has been prosecuted.

[1] The only question presented in this court is, Was the evidence sufficient to support a finding that the appellees were dependents of the deceased within the meaning of the Workmen's Compensation Act? Section 8a of part 1 of the Workmen's Compensation Act (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—15) provides that the compensation allowed shall be for the sole and exclusive benefit of the surviving husband who has not for good cause, or for a period of 3 years prior thereto, abandoned his wife at the time of injury, the wife who has not at the time of injury for good cause, and for a period of 3 years prior thereto, abandoned her husband, and the minor children without regard to the question of dependency, dependent parents and dependent grandparents and dependent stepmothers and dependent children or dependent brothers and sisters of the deceased employee.

The facts as found by the court are, in substance, as follows: At the time of his death Earl Gilchreas was 16 years and 9 months old. His mother had died about 10 years before, leaving her husband O. V. Gilchreas and four minor children, the oldest of which was the deceased. At the time of the mother's death the father, O. V. Gilchreas, took the children to live with his parents, appellees J. A. Gilchreas and wife, and this was the home of the children continuously from the time of their mother's death. The grandparents furnished the principal support of the children after their mother's death. Their father also contributed some

during his lifetime. He was killed in 1921, while working in the oil fields of Louisiana. Upon the application of his father in behalf of the children an award was made allowing a weekly benefit of $15. At the time of the killing of Earl Gilchreas his grandmother was 69 years old and in bad health. His grandfather, J. A. Gilchreas, was 63 years old, and, on account of injuries previously received, was not able to do hard physical labor. The minor children had lived with their grandparents as members of the family. They were sent to school, and, like other children, helped around the place. The grandparents had no property, except a little home in Humble, Tex., and had no income, except such as the family might earn. Earl Gilchreas was an unusually industrious boy of good habits and very thrifty. He assisted his grandfather in various ways and saved his money to buy clothes and school books for himself and the younger children. From time to time he made a garden for the family and did the chores about the house and kept the home supplied with fuel. He sold wood and did other jobs, for which he received pay, and divided the money with his grandfather for the use of the family. He gave some attention to the younger brothers and sister. When he left home it was with his grandfather's knowledge and consent, and for the purpose of earning money to keep himself and the younger children in clothes and school supplies. He worked steadily in the oil field from the time he began, and spent no money, except for needed clothing. At the time of his death he had $42 in money, and it was his intention, the evening he was killed, to buy some things for his sister, and send some money home. He had also accumulated some wages which had not been paid at the time of his death.

Upon those facts the trial court concluded that the grandparents and brothers and sister of Earl Gilchreas were dependents within the meaning of the law, and sustained the award of the Accident Board.

[2, 3] We are of the opinion that the facts justified the judgment rendered. It is conceded that the policy of insurance issued by the appellant to the Coastal Oil Company covered the injuries sustained by the deceased. We must presume that the appellant received a premium which compensated it for carrying that risk. It was evidently contemplated that some one might claim the compensation for which the appellant might become liable under its insurance contract. Appellees are the only persons who might assert such claim. The statute does not require that such claimants shall be wholly dependent upon the services or contributions of the deceased employee. So. Surety Co. v. Hibbs (Tex. Civ. App.) 221 S. W. 303; Lumbermen's Reciprocal Ass'n v. Warner et al. (Tex. Com. App.) 245 S. W. 664; Id. (Tex.

Civ. App.) 234 S. W. 546. It is sufficient if the deceased employee contributes something which, in a substantial way, aids and assists the claimants to live.

We cannot say as a matter of law that the claimants in this controversy were not "dependents" within the meaning of the statute. The judgment will therefore be affirmed.