## HINKLE v. FEDERAL UNDERWRITERS EXCHANGE.

No. 14194.

Court of Civil Appeals of Texas. Fort Worth.

May 2, 1941.

Rehearing Denied June 13, 1941.

Napier & Napier, of Wichita Falls, for appellant.

Lightfoot, Robertson & Gano, of Fort Worth, for appellee.

BROWN, Justice.

After due consideration of the motions for rehearing presented by both parties litigant, we withdraw the original opinion and substitute in its stead the following opinion, and we overrule the motion of appellant for a rehearing and grant leave of appellee to file an amended motion for rehearing at any time within fifteen days from this date.

This is a workmen's compensation case, in which the claimants, as shown by the petition filed, were four adult brothers and two adult sisters of the deceased employee. Frank Arnell Hinkle, the employee, was killed while operating a machine owned by his employer.

The petition is filed in the name of the six brothers and sisters, as joint plaintiffs, and the allegations attempting to show a right of recovery are found in the following paragraph: "That the plaintiffs, R. R. Hinkle, Ray H. Hinkle, Joe H. Hinkle, and W. R. Hinkle, were the brothers of the said Frank Arnell Hinkle, at the time of his death; that the plaintiffs Lucile H. Hinkle and Blanche Davis were the sisters of the said Frank Arnell Hinkle at the time of his death; that the said Frank Arnell Hinkle had no other brothers or sisters except the ones named above; that both of his parents were deceased long prior to the time of his death; that he had never been married, and had no child, or children, at the time of his death, nor at any other time; that the exact extent of the dependency of the plaintiffs herein upon the said Frank Arnell Hinkle is unknown to the plaintiffs, and they are, therefore, unable to allege the facts in detail, but they allege that he did, at the time of his death, and for many years prior thereto, contribute substantial sums of money to the plaintiffs, and particularly to the plaintiffs, Lucile H. Hinkle and Blanche Davis, and the plaintiffs believe and therefore aver, that he contributed at least $200.00 per year to his said sisters; and the plaintiffs allege that said sisters were dependent to that extent upon the said Frank Arnell Hinkle, and that they had no other source of income, except the wages which they earned, which they allege were insufficient for their support; that neither of said sisters earned on an average of more than $7.00 or $8.00 per week; that neither of them own any property of any kind or character; that all of the facts herein alleged with respect to the dependency of the said sisters existed at the time of the death of the said Frank Arnell Hinkle, and for many years prior thereto."

There was introduced in evidence a power of attorney and assignment of the statutory one-third of the compensation that is recovered, executed by a brother, Joe Hinkle, and it was agreed that counsel representing the six brothers and sisters had similar instruments executed by the other five brothers and sisters.

The only claimants who testified were one brother, W. R. Hinkle, and one sister, Lucile Hinkle, who is the appellant.

W. R. Hinkle gave no testimony tending to show that he was a "dependent", under Art. 8306, Sect. 8a, Revised Civil Statutes, or that any other claimant was any such dependent.

Appellant, Lucile Hinkle, testified to facts that, under a very liberal construction of the Workmen's Compensation Law, raised the issue of partial dependency upon her deceased brother.

There is such a dearth of decisions on the question, in this State, that we have decided not to express our opinion as to the sufficiency of the evidence to show that Lucile Hinkle was, as a matter of law, under the facts, such a dependent as is entitled to receive the compensation provided for by Article 8306, Sect. 8a, Rev.Civ. Statutes.

We reach this conclusion because we believe that the cause should be remanded for a new trial, and upon another trial the issues can be squarely presented as to all parties concerned.

On the verdict of the jury, in which it was found that Lucile Hinkle was a dependent; that the deceased's weekly wage, computed on a fair and just basis, was $25; and denying a lump sum recovery, the trial court awarded judgment for Lucile Hinkle and her attorneys for one-sixth of the entire sum recoverable under the statute, and Lucile Hinkle has appealed, on the theory that she is entitled to the whole sum and not to only one-sixth thereof.

We find no basis in the statute for dividing the amount recovered into fractions, or parts, excepting where two or more claimants are awarded recovery.

■ Our interpretation of the statute is that, if there is one dependent only, he

would be entitled to the whole of the sum recoverable, regardless of the number of claimants who showed no right of recovery.

From the quoted portion of the pleading it is seen that the plaintiffs have alleged, "that the exact extent of the dependency of the plaintiffs herein upon the said Frank Arnell Hinkle is unknown to the plaintiffs, and they are, therefore, unable to allege the facts in detail."

No one could have been in better position to allege these facts than these plaintiffs who were claiming that they are lawful beneficiaries because of the financial aid and assistance that this brother had been giving them and each of them. Assuredly they knew whether or not he had given such aid to them individually.

■ Such allegations are not sufficient to permit of a recovery, in our opinion.

But the petition next alleges that he "did * * * contribute substantial sums of money to the plaintiffs, and particularly to the plaintiffs Lucile H. Hinkle and Blanche Davis, and the plaintiffs believe and therefore aver, that he contributed at least $200.00 per year to his said sisters", and that they were dependent to that exent upon him.

■ This portion of the pleading was, perhaps, sufficient to raise the issue of the partial dependency of the two sisters.

■ We find no evidence adduced that even tends to show the facts as to the sister Mrs. Davis, unless it be found in the affidavit that Lucile Hinkle made to the representative of the insurance company.

We do not believe that this is sufficient on which the trial court could find—as he did —that Mrs. Davis is not a dependent.

This affidavit was introduced in evidence by the insurance company for the purpose of impeaching Lucile Hinkle, who stated therein that she was not dependent upon her deceased brother "for support as I was working myself."

■ Lucile Hinkle did not seek to introduce such affidavit in evidence on the issue of the dependency of Mrs. Davis, and we do not believe that such an ex parte statement was admissible on such issue, even if it had been offered by her in evidence.

■ In the case of Rodriguez v. Texas Employers' Ins. Ass'n, Tex.Civ.App., 35 S.

W.2d 510, in which no application for a writ of error seems to have been made, the court said: "For a recipient of gifts to become a dependent upon the giver in the purview of our statute, such gifts or contributions must in a substantial way aid the recipient to live. Oilmen's Reciprocal Ass'n v. Gilchreas, Tex.Civ.App., 283 S. W. 633; Howard on Workmen's Compensation, Vol. 1, p. 434, and foot note on page 237."

We do not have access to the authority last cited by the court.

We believe the pronouncement sound, as stated, and we have in the record before us a very similar case.

Lucile Hinkle introduced a letter from her brother, written in March, 1937, about two years and ten months before his death. This is the letter: "Dear Sis: Will write you a few lines today; it is raining and freezing here; it has been bad weather here for about three weeks, I haven't got to work much. I am sending you $5.00 and if you will write to me, I will send you $5.00 every week. I went to Fort Worth last night to the stock show. Be good and write soon. Love, Frank."

To us such a letter evidences an affectionate brother, who desires to keep in touch with a sister whom he loves and to whom he wants to make gifts of money.

His letter discloses more of a desire to receive letters from her—to keep in touch with her—than a desire to contribute to her needs.

The evidence discloses that Lucile Hinkle was capable of working and making a living. She was not living an abundant life, but she could live by her labor. This she had, and we believe that the pleading and the evidence should raise the issue of a substantial aid to her, and the issue of dependency and a definition of dependency should be submitted to the jury and a finding made thereon, in order to support the alleged dependent's judgment, as one partially dependent. The charge given is in substantial compliance with the holdings of the courts.

■ Lucile Hinkle alleged that her sister, Mrs. Davis, is a dependent on the same footing as her alleged dependency, but she introduced no evidence either disproving or proving the dependency of Mrs. Davis, and we are of opinion that the judgment denying Mrs. Davis any recovery is not

supported by the evidence; but Mrs. Davis has not appealed, and such is also the status of the brothers named as plaintiffs.

We conclude that the judgment denying Mrs. Davis, R. R. Hinkle, Ray H. Hinkle, Joe H. Hinkle and W. R. Hinkle any recovery should be and it is by us undisturbed, and the judgment in favor of Lucile H. Hinkle should be reversed and the cause remanded. It is so ordered.