**TRADERS & GENERAL INS. CO. v. HILL.**

No. 3985.

Court of Civil Appeals of Texas. Beaumont.

April 13, 1942.

Rehearing Denied April 22, 1942.

Mantooth & Denman, of Lufkin, and Strasburger, Price, Holland, Kelton & Miller, of Dallas, for appellant.

Collins, Williams & Garrison and Sumner Williams, Jr., all of Lufkin, for appellee.

O'QUINN, Justice.

This is a workman's compensation case. Merritt-Chapman & Scott Corporation was the employer, W. L. Hill, the employee, and Traders & General Insurance Company the compensation insurance carrier. On or about November 1, 1939, while engaged in the course of his employment as an employee of Merritt-Chapman & Scott Corporation, W. L. Hill received an injury for which he claimed compensation for total and permanent disability.

Plaintiff, among other things, alleged that within thirty days from and after the date he received his injuries, the defendants, his employers and the insurance carrier, appellant, each had actual knowledge and notice of his injuries, and that thereafter within due and legal time, he made and filed his claim for compensation insurance for and on account of his said injuries and his resulting disability with the defendant insurance carrier and with the Industrial Accident Board of the State of Texas, against the defendant, appellant. That after due notice to all parties the said claim for compensation was heard by the said Board and on January 6, 1941, it made its final ruling and award; that within twenty days after said ruling and award he gave notice to the Board that he would not abide said award and would within the time required by law file suit in a court of competent jurisdiction to set same aside, and that he did file this suit to cancel and annul said award and to recover compensation for total and permanent disability.

The case was tried to a jury upon special issues upon their answers to which judgment was rendered for appellee for total and permanent disability for 346 weeks' compensation at the rate of $11.88 per week, payable in a lump sum. Motion for a new trial was overruled, and we have the case on appeal.

Appellant's first point is that the court erred in refusing to hold that as a matter of law plaintiff Hill had not shown good cause for failing to file his claim for compensation for more than a year after his alleged injury.

The assignment is overruled for the following reasons:

(a) The issue of good cause was not submitted to the jury. Appellant, in its objections and exceptions to the court's charge, said: "It objects and excepts to the charge as a whole because nowhere in the charge is an issue or issues submitted to the jury on good cause for late filing of the claim and defendant herein now moves the court to submit a proper issue or issues on said phase of the case and particularly does it make this motion in view of the fact that it cannot prepare said portion of the charge because it does not know upon which part of the evidence plaintiff is relying to show good cause." It is well settled that where, in the submission of a cause to the jury on special issues, the court has not submitted any issue on a feature of the case, in order to be able to assign the failure to so charge, the party complaining must prepare the desired issue in writing and present same to the court with a request for its submission, or he loses his right to complain of its omission from the charge. Texas & New Orleans Ry. Co. v. Crow, Tex. Civ.App., 101 S.W.2d 274; Texas & New Orleans Ry. Co. v. Crow, 132 Tex. 465, 123 S.W.2d 649, 651.

■ (b) The issue of "good cause" was not put in issue in the trial of the cause. Plaintiff alleged that his claim for compensation was filed within due and legal time with the Industrial Accident Board, and the defendant, appellant, did not deny its timely filing by properly verified pleadings, as required by article 8307b, Vernon's Ann.Civ.St. In its first amended original answer, upon which the case was tried, defendant says:

"3.

"Specially answering defendant says that it denies that a legal, valid, competent and sufficient notice of accident and injury and claim for compensation were legally and formally done and specially denies that the statute was complied with in making claim for compensation."

The whole answer was verified, as follows:

"The State of Texas ⎱ Before me the un-
County of Dallas. ⎰ dersigned authority on this day personally appeared Henry W. Strasburger, who being by me first duly sworn states on oath as follows: That he is one of the attorneys for the defendant and that he is fully authorized to make this affidavit herein and that the matters set forth in paragraph 3 of the foregoing answer are to the best of his knowledge, information and belief true.

"Henry W. Strasburger

"Sworn to and subscribed before me, this 21 day of July, 1941.

"Earle Pringle, Notary Public,
"(Seal) Dallas County, Texas."

The verification was not sufficient and left the plea without legal support, Traders & General Ins. Co. v. Davis, Tex.Civ. App., 147 S.W.2d 908, writ dismissed, and so was an unsworn plea. In the absence of a denial by properly verified pleading, under the circumstances, concludes the issue by a legal presumption that the allegation of such fact (filing claim for compensation as required by law) as made by appellee in his petition was true. Bedner v. Federal Underwriters Exchange, Tex. Civ.App., 133 S.W.2d 214, writ dismissed.

■ (c) We think that the facts disclosed by the record show good cause. In the state of the record, we will not set out the facts that we hold to be good cause, but the evidence, as we view it, abundantly supports the plea.

What we have said disposes of appellant's second point.

■ The third point is that the court erred in refusing to set aside the jury's verdict in favor of plaintiff on the ground that the finding of the jury that he sustained an accidental injury as alleged was so contrary to the overwhelming preponderance of the evidence as to be clearly wrong. We have carefully searched the record and have been unable to find any such issue

was submitted to the jury, or any finding by the jury that plaintiff sustained an accidental injury. We do find in the record, paragraph 6 of appellant's amended motion for a new trial, a complaint directed against the charge of the court, as a whole, that "It objects and excepts to the charge as a whole because nowhere in the charge does the court submit an inquiry to the jury as to whether or not there was an accident or accidental injury as pled by the plaintiff and the defendant herein now moves the court to submit a proper issue or issues raising those points." Since the matter had not been charged upon by the court a mere motion, not accompanied by a written special issue and presented to the court with request that same be submitted to the jury, its refusal was not error. Texas & New Orleans Railway Co. v. Crow, Tex.Civ.App., 101 S.W.2d 274; Id., 132 Tex. 465, 123 S.W.2d 649, 651. We will say, however, that if such issue is in any way to be considered in this appeal, that the record abundantly supports a finding of accidental injury to plaintiff.

■ The fourth point complains that the court erred in permitting, over its objections, Dr. Estep to testify that "there was a possibility that the inhaling of cement and lime dust as alleged by plaintiff could have caused the condition in which he found plaintiff." The assignment is overruled. The evidence was admissible.

■ The defendant requested the court to submit the following special issue: "Do you find from a preponderance of the evidence that plaintiff W. L. Hill has not recovered from his incapacity, if any, he suffered on November 1, 1939?"

The court refused to submit the issue. Appellant preserved its exception to this ruling. Appellee answers that the assignment is based upon a false assumption— that the requested issue assumed that the incapacity, if any, suffered by appellee was suffered by him on November 1, 1939. Plaintiff's petition on which the case was tried alleged that he suffered certain injuries (for which he did claim compensation) on or about November 1, 1939. No allegation of incapacity suffered on November 1, 1939, was made. There was neither plea nor proof of incapacity suffered by appellee on November 1, 1939. The pleading by appellee was that the incapacity by him suffered occurred on November 20, 1940, and the jury found that it began on November 19, 1940, on which date he filed his claim for compensation with the Industrial Accident Board. However, if the requested special issue inquired as to recovery by appellee from injury suffered by him on November 19, 1940, its refusal would not have been error. The court submitted Special Issue No. 7, as follows: "For what period of time do you find from a preponderance of the evidence such total incapacity, if any, of W. L. Hill continued or will continue from and after the date of its beginning, if any, as found by you in answer to special issue No. 6?" To which the jury answered: "permanent."

The court also submitted Special Issue No. 8, as follows: "Do you find from a preponderance of the evidence that W. L. Hill has sustained or will sustain a partial incapacity as a natural result of such injury, if any, so sustained by him on or about November 1, 1939?" To which the jury answered: "No." These two special issues together with the jury's answers thereto show that the incapacity suffered was permanent and not partial. A complete answer to the requested special issue. In other words, that no recovery from the injury had been had. The assignment is overruled.

■ The sixth point is: "The error of the trial court in refusing to submit defendant's requested issue inquiring as to whether or not at the time of the trial there was work for which the plaintiff Hill was fitted and which he was capable of performing." The requested issue read: "Do you find from a preponderance of the evidence that at this time there is work for which plaintiff is fitted and capable of performing?"

Appellant makes no statement from the record showing or attempting to show any evidence raising such issue as requested to be submitted. He merely refers to "the testimony of doctors as set out." It happened that five doctors testified in the trial. We do not believe that it is our duty to search through a more than 200 page record for facts, if such could be found, that counsel for appellant does not bring forward to support his assignment. Furthermore, no kind of work is suggested by appellant as fitted for the performance of a totally and permanently incapacitated laborer. Neither does appellant cite us to cases showing the kind of work that one that the jury has found to be totally and permanently dis-

abled could or should be expected to do. The assignment is overruled.

No reversible error appearing, the judgment should be affirmed, and it is so ordered.

Affirmed.

COMBS, Justice.

Mr. Justice O'QUINN in his opinion states the conclusion that appellant cannot complain of the failure of the trial court to submit the issues of "good cause" and "accidental injury" because it did not prepare and timely submit to the trial court requested issues on these points. It is the opinion of the majority that such conclusion is unnecessary to a decision of this case since the judgment should be affirmed on the other grounds stated. The opinion prepared by Judge O'QUINN is adopted as the opinion of the court, except as herein indicated; on the points reserved we express no opinion.