CONTINENTAL FIRE & CASUALTY INS. CORPORATION v. SNOW.

No. 2680.

Court of Civil Appeals of Texas. Eastland.

Sept. 24, 1948.

Carter, Gallagher & Barker, of Dallas, for appellant.

Scarborough, Yates, Scarborough & Black, of Abilene, for appellee.

GRISSOM, Chief Justice.

This is a workman's compensation suit by Dr. William R. Snow against Continental Fire & Casualty Insurance Corporation to recover the value of medical services rendered Billy Frank Thornton during the twenty-eight days following an injury sustained by him while he was an employee of McMahan and Ward. On a trial to the court it was agreed that on March 28, 1947, Thornton was an employee of McMahan and Ward and received an accidental injury on said date. It was further agreed, among other things, that said insurance company then carried a Workman's Compensation Insurance policy on the employees of McMahan and Ward. There was evidence that during the twenty-eight days following Thornton's injury, he needed medical attention; that said insurance company denied liability and failed to furnish medical aid and that Dr. Snow attended Thornton during said period at the request of Thornton. Judgment was rendered for Dr. Snow and the insurance company has appealed.

Appellant contends the court erred in rendering judgment for Dr. Snow (1) because the record contains no testimony that Thornton's employers had three employees when it issued the policy; (2) because, as a matter of law, the evidence shows Thornton's employers did not have as many as three employees either when the policy was

issued or "during a substantial portion of the time" between issuance of the policy and the accident; (3) because the finding that "during a portion of the time" between issuance of the policy and the injury, said employers had as many as three employees is contrary to the great weight and preponderance of the evidence; and (4) because said last finding is insufficient as a basis for the judgment. Said points are overruled because appellant's pleading did not raise an issue of fact for the reason it was not verified as required by the Texas Rules of Civil Procedure.

In Highway Insurance Underwriters v. Le Beau, Tex.Civ.App., 184 S.W.2d 671, 681, the claimant alleged the employer had three or more employees. The Court of Civil Appeals held that the insurer's general denial was sufficient to put that matter in issue. Our Supreme Court held that the claimant having alleged, in substance, that the insurer was the carrier of valid compensation insurance covering the injured employee and the insurer not having denied same under oath, no such issue of fact was raised by the insurer's pleadings. There is no material difference in the pleadings in this and the Le Beau case. R.C.P. 93 subd. n(6) provides that such an allegation in a claimant's petition shall be presumed to be true unless denied by verified pleadings. Appellant's denial was based on information and belief only. Under the above rule, as interpreted by the courts, such a denial is insufficient. It follows that no such issue of fact was raised and it is conclusively presumed that appellant was the carrier of valid compensation insurance covering Thornton when he was injured. Southern Underwriters v. E. E. Tulos, 136 Tex. 408, 410, 151 S.W.2d 789, 790; Federal Underwriters Exchange v. Hinkle, Tex.Civ.App., 187 S.W.2d 122, 126; Traders & General Ins. Co. v. Hill, Tex. Civ.App., 161 S.W.2d 1101; Traders & General Ins. Co. v. Davis, Tex.Civ.App., 147 S.W.2d 908, 912, writ dis. 136 Tex. 187, 149 S.W.2d 88; Bedner v. Federal Underwriters Exchange, Tex.Civ.App., 133 S.W. 2d 214, 217; W.D.C.J.; Traders & General Ins. Co. v. Porter, Tex.Civ.App., 124 S.W. 2d 900, 902, writ ref.

The judgment is affirmed.