STATE v. MURPHY.

(Court of Civil Appeals of Texas. San Antonio.
April 26, 1911. Rehearing Denied
May 24, 1911.)

1. ATTORNEY AND CLIENT (§ 71*)—AUTHORI-
TY—OBJECTIONS.

An attorney is presumed to have authority
to represent any client for whom he professes
to act, and, unless properly contested, he need
not show his authority, and Rev. St. 1895, arts.
272, 273, 274, which authorize a defendant by
motion to require a plaintiff's attorney to show
his authority, prescribes the only way in which
this authority may be attacked, and hence a
defendant in an action brought by the state can-
not, in a motion for a change of venue, raise
the question that certain attorneys other than
the Attorney General have no authority to rep-
resent the state.

[Ed. Note.—For other cases, see Attorney and
Client, Dec. Dig. § 71.*]

2. ATTORNEY AND CLIENT (§ 72*)—AUTHORITY
— DELEGATION OF AUTHORITY — ATTORNEY
GENERAL.

It cannot be presumed that the Attorney
General has no authority to employ counsel to
assist in the trial of cases, or that such counsel
did not appear for the state.

[Ed. Note.—For other cases, see Attorney and
Client, Dec. Dig. § 72.*]

Error from District Court, Sutton County;
J. W. Timmins, Judge.

Action by the State against H. Murphy to
cancel an award and sale of certain public
school lands. From a judgment dismissing
the suit, the State brings error. Reversed
and remanded.

Jewel P. Lightfoot, Atty. Gen., and E. B.
Robertson, Asst. Atty. Gen., for the State.
Lee Upton and Wright & Wynn, for defend-
ant in error.

NEILL, J. This writ of error was sued out
from a judgment dismissing a suit brought by
the state against H. Murphy to cancel an
award and sale of certain public school lands
situated in Sutton county made to him by the
Commissioner of the General Land Office re-
spectively on December 2, 1905, and April 6,
1907.

[1] The matters leading up to and pertain-
ing to the judgment of dismissal, as shown
by the record, are, briefly, as follows: (1)
That the state's original petition, which was
filed in the district court of Sutton county on
October 10, 1907, recites that she is "suing
herein by her Attorney General," and is
signed, "R. V. Davidson, Attorney General,
W. E. Hawkins, Assistant Attorney General,
and D. E. Simmons." (2) That on April 1,
1908, an agreement as to the facts, signed by
D. E. Simmons, C. H. Jenkins, and Cornell &
Wardlaw, as attorneys for plaintiff, and Lee
Upton, attorney for defendant, was filed in
the case. (3) That defendant's answer, sign-
ed, "Lee Upton, Wright & Wynn," was filed
November 10, 1908. (4) That on November 2,
1909, defendant filed an amended answer, in
which they alleged certain attorneys (naming
them), including Messrs. Simmons, Jenkins &
Cornell, are appearing in the case for the

state, who were employed for a certain party
claiming the land adversely to defendant; and
that neither the Attorney General of the
state, nor any one connected with his office, is
representing the plaintiff in the case, but it is
being prosecuted in her name for the benefit
of a third party in whose interest said attor-
neys were employed. (5) That on the same
day the cause was called for trial, and, the
plaintiff having announced ready, defendant
filed an application for a continuance, which
does not appear to have been acted on. (6)
That he then filed a sworn application for a
change of venue, with supporting affidavits
of three other persons. (7) That on the same
day the state filed a contest to the applica-
tion, accompanied by the affidavit of a cred-
ible person, denying the truth of the grounds
upon which the application was made, which
contest was signed, "R. V. Davidson, Attorney
General, D. E. Simmons, and C. H. Jenkins,
Attorneys for the State." (8) That the defend-
ant then filed exceptions to and a motion to
quash the state's contest of his application
for a change of venue, on the ground that the
Attorney General was not present in person
on the court to prosecute the cause, but that
plaintiff was being represented in the cause
by C. H. Jenkins and D. E. Simmons. (9)
That the state then filed exceptions to such
motion and defendant's exception, on the
ground that they were filed after she had an-
nounced ready, that it was not sworn to, nor
had the attorneys appearing for the state
been cited to show their authority to repre-
sent the plaintiff, which exceptions were sign-
ed, "R. V. Davidson, Attorney General, D. E.
Simmons, and C. H. Jenkins, of Counsel for
the State." (10) That, accompanying these
exceptions, there was filed, in behalf of the
state, a written statement of D. E. Simmons
and C. H. Jenkins, to the effect that this suit
was originally brought under the direction
and by the authority of the Attorney General
of the state, and that the original petition in
the case was prepared in the Attorney Gen-
eral's office by W. E. Hawkins, Assistant At-
torney General, which was agreed to by the
Attorney General, and that Hawkins signed
his own and the Attorney General's name to
the petition, and that both Simmons and Jen-
kins had authority from the Attorney Gener-
al to appear in behalf of the state; Jenkins'
authority being in writing. (11) That the
court overruled the state's exception to de-
fendant's motion to quash the contest of de-
fendant's application for a change of venue
and sustained his motion to quash and dis-
missed the case for want of proper prosecu-
tion, reciting that, notwithstanding, said Sim-
mons and Jenkins had at all times been pres-
ent in attendance on the court offering to rep-
resent the state and urging their right to
do so.

Although there are several assignments of
error presented, we need only consider the
one which complains of the court's action in

rendering judgment dismissing the case upon the grounds above stated.

While it is necessary that an attorney be authorized to act for a client, yet, as he is an officer of the court, it is unnecessary for him to show his authority, unless it is properly contested by the adverse party, for the presumption in favor of an attorney's authority to act for any client he professes to represent is well established. Fowler v. Morrill, 8 Tex. 154; 4 Cyc. 928 et seq. Articles 272, 273, 274, Rev. St. 1895, prescribe the mode and procedure of contesting such authority of an attorney at law; and it is held in Hess v. Webb, 113 S. W. 618, that his authority can be attacked in no other way. It is also stated in 4 Cyc. p. 930, § 5: "The question of an attorney's authority to represent an alleged client cannot be raised collaterally, or on a demurrer, nor should it be set up in a pleading; but must be on motion made directly for that purpose, and supported by affidavits." Besides, it is held by the same authority, in a preceding section (section 4): "The authority of an attorney to represent his alleged client cannot be questioned at the trial, and such an objection should, it seems, be taken at the first term."

[2] It cannot be assumed as a matter of law that the Attorney General was without authority to procure the services of counsel to assist in representing the state in the trial of this case, nor can it be presumed that counsel who appeared for the state were there for any other purpose than to truly represent her interest, nor to accomplish any other purpose than that on which, as appears from the face of plaintiff's original petition, the suit was instituted.

Wherefore the court erred in rendering judgment dismissing the case. Therefore the judgment is reversed, the cause reinstated in the district court and remanded there for trial on its merits.

Reversed and remanded.