# JULY, 1946

LIZZIE STANALAND ET AL V. TRADERS & GENERAL INSURANCE.

No. A-609. Decided May 29, 1946.
(195 S. W., 2d Series, 118.)

106

*Fulmer & Fairchild,* of Nacogdoches, for petitioners.

It was error for the Court of Civil Appeals to hold that the definition of the word "dependent" as given by the trial court was wrong, and also in its holding that it was error for the trial court to refuse to give respondent's definition of that term. Great American Indemnity Company v. Sams, 142 Texas 121, 176 S. W. (2d) 312; Texas Employers Ins. Assn. v. McDonnell, 278 S. W. 294, 296. 26 C. J. S. 719.

*Wynne & Wynne,* of Longview, *Lightfoot & Robertson* and *Dan P. Johnston,* all of Dallas, for respondent.

Where the court has given a definition of the word "dependent" which was not satisfactory to respondent, it was only required to make objections thereto, which it did. Bordeaux v. Texas & N. O. Ry. Co., 78 S. W. (2d) 641; Perez v. Central P. & L. Co., 27 S. W. (2d) 641.

Mr. Justice Taylor delivered the opinion of the Court.

This is a Workmen's Compensation case. The proceeding in its present form is a suit by Mrs. Lizzie Stanaland, a married woman, against Traders & General Insurance Company. The deceased, Ed Miller, was her half brother. The trial court's judgment was in the claimant's favor.

The Industrial Accident Board on March 20, 1944, denied a claim for compensation filed by the brothers and sisters of deceased, the then alleged beneficiaries, including Mrs. Stanaland, and stated in the order as its reason for denying the claim, that "said Sam Miller, Joe Miller, Minnie Lee Summers, Nancy McLean and Lizzie M. Stanaland, and their attorney of record * * * have failed to establish dependency" upon the deceased "at the time or immediately prior to fatal injury and death."

The five claimants named in the board's order were three half-sisters and two half-brothers of the deceased. Only one, Mrs. Stanaland (joined by her husband, Virgil Stanaland) filed suit pursuant to the notice given by all the claimants that they would not abide by the final ruling of the board. The other claimants did not file suit within the twenty days allowed therefor and do not appear to have further prosecuted their claims. About a month after suit was filed by Mrs. Stanaland alleging that the other brothers and sisters were not dependent on the deceased, the others filed disclaimers in interest, respectively, in favor of Mrs. Stanaland.

■ The defendant company moved to strike the disclaimer plea on the ground that the attorney, the same who filed the claim on behalf of all the original claimants, showed no authority given him to file the disclaimer. The Court of Civil Appeals reached the correct conclusion that "no reversible error" was presented by the trial court's action in denying the motion to strike. Art. 320, R. C. S. 1925; Rule 12 Texas Rules of Civil Procedure; Victory v. State, 138 Texas 285, 158 S. W. (2d) 760; State v. Murphy (Civ. App.), 137 S. W. 708; Cook v. City of Booker et al (Civ. App.), 167 S. W. (2d) 232.

After the disclaimers were filed, the Stanalands filed, and went to trial on, their first amended original petition. Special issues were submitted to the jury and upon its findings, together with additional findings made by the trial judge, a lump-sum judgment was rendered for the Stanalands for $5,952.83. The Court of Civil Appeals reversed the judgment and remanded the cause. 189 S. W. (2d) 55. Writ of error was granted on application of the Stanalands.

It was established upon the trial that deceased had no survivors for whom compensation was provided by the Workmen's Compensation Act (Art. 8306, R. C. S. Sec. 8a) payable without proof of dependency in fact, such as a surviving wife, minor child, parent or stepmother. The portion of the provision of section 8a under which Mrs. Stanaland's claim as a beneficiary falls, is as follows:

"The compensation provided * * * shall be for * * * dependent grandparents, dependent children and *dependent brothers and sisters* of the deceased employee; * * * provided the right in such beneficiary * * * to recover compensation for death be determined by *the facts that exist at the date of the death of the deceased* and that said right be a complete, absolute and vested one." (Italics ours.)

The claim of Mrs. Stanaland falls under the "dependent brothers and sisters of the deceased" classification of relationship; and one of the questions to be decided is whether at the time of the death of Ed Miller the facts showed Mrs. Stanaland was a dependent of his within the meaning of the foregoing provision of section 8a.

■ The defendant company urged the point that Mrs. Stanaland was not a member of the class of beneficiaries named in the Workmen's Compensation Act in that half-sisters, not being named, were excluded. The point was overruled by the courts below. As stated in the opinion of the Court of Civil Appeals, "the precise question" has not heretofore been presented to an appellate court of this state for decision. We hold that the trial court ruled correctly; and that the Court of Civil Appeals correctly held, that since "the words 'brother' and 'sister'," were used in the statute without qualifying words, "they include 'half-brother' and 'half-sister.' " See the concise statement, the clear discussion of the question, and the authorities cited and discussed in the opinion (189 S. W. (2d) 55, 57, first column), all of which we approve.

The Stanalands in setting forth in their amended petition the reasons why compensation paid the claimants weekly would be "inadequate to meet the necessities and demands" of Mrs. Stanaland, alleged the following:

"Plaintiff will show that Lizzie Stanaland has large outstanding financial obligations that she is obliged to pay, some of which obligations were contracted directly in pursuance of *the promise of deceased, J. E. Miller, to pay off for her if she made the same.*" (All emphasis in this opinion is supplied).

The defendant company excepted specially to the foregoing allegation for the reason that Mrs. Stanaland was not entitled to recover compensation against it on the ground that she had become bound to pay obligations which deceased had *promised* to pay for her in event she incurred same, and that the pleading was prejudicial. The exception was overruled. The Court of Civil Appeals did not pass on the company's point alleging the trial court's action was erroneous.

The company presented in the Court of Civil Appeals as one of its points alleged in this connection that the trial court erred in permitting the claimant to plead that deceased "promised" to help them buy a farm, because such transaction did not constitute a ground for establishing dependency, or a ground for recovery under the compensation act. Another point closely allied to those pointed out, arose in this fashion: Virgil Stanaland, the husband, in detailing the outstanding obligations of his wife and himself, stated he had three work mules, nine cows and some calves, all of his farm equipment and his wagon and plows, as well as his crop, tied up at the "Farm Security loan"; that in January, 1944, he and his wife moved onto 158.2 acres of land which they purchased by deed dated August 9, 1943, for a total consideration paid and agreed to be paid was $2,343.00; that $343.00 made as a down payment was procured from Ivan Stanaland and that the balance of $2,000.00 was to be paid at $200.00 a year. During the examination by counsel of the Stanalands of Ivan Stanaland (one of Virgil's brothers) he was asked what part he played in helping get the deed and whether he made the down payment upon the *promise of deceased* and Virgil to reimburse him. The company objected on the grounds that the testimony had no bearing on the case, was not binding on it, and prejudicial. The court overruled the objection. Points alleging error were duly urged in the company's brief in the Court of Civil Appeals.

The final evidence point set out in the company's brief alleged that the trial court erred in permitting· plaintiff, Lizzie Stanaland, over the objections urged, to make a comparison (in terms of her own conclusion) as to which "brought in the most in the way of necessary furnishings for the family," her husband or Ed Miller (the deceased).

The Court of Civil Appeals, without passing on any of the above points, reversed the case solely on the trial court's refusal to give in his charge what is referred to in the excerpt quoted below from the court's opinion, as "the tendered instruction of defendant" or a similar instruction. The account of the proceedings which immediately follow reflect the record on the point on which the case was reversed and remanded. The trial court gave in his charge the following definition of "dependent" in connection with special issue No. 7:

"By the word 'DEPENDENT', as used in the next issue, is meant a person who relied *in whole or in part* upon the assistance he or she received for support from the deceased.

### SPECIAL ISSUE NO. 7

"Do you find from a preponderance of the evidence that Lizzie Stanaland was a dependent of Ed Miller, deceased, *at the time of his· death?*"

The company objected to the definition on numerous grounds, one of which, together with a request for a suggested amendment or correction, is as follows:

"* * * For the reason that the word 'dependent', as * * * defined, * * * would permit the jury to find that Lizzie Stanaland was dependent upon Ed Miller, *though his assistance to· her was only trivial.* * * * defendant prays the court to change his charge and require the jury to· find that the deceased employee contributed something which *in a substantial way* aided * * * plaintiff to live· * * *. The defendant insists that it is entitled to have the jury told that the word 'dependent' should include a person who relies in whole or in part upon *the contributions* or *the labor* of the deceased, *in a substantial way for aid and assistance toward the living or support of the claimant*. The charge of the court as now constituted would permit the jury to find *dependency* upon *the most flimsy* gifts or contributions, and therefore the defendant prays the court to correct and amend said *charge*

to give a true definition of *dependency.* * * * The *charge,* as given by the court is * * * not correct, and the defendant respectfully requests that it be changed."

The Court of Civil Appeals held it was error not to give the instruction suggested in the objections, and reversed and remanded the case *solely* on the ground that the trial court did not give it, saying, among other things:

"Under the facts and circumstances disclosed by this record, it is thought that the tendered instruction of defendant, or one similar in effect, should have been given the jury to meet the *deficiency complained of* so as to comply with the requirements of dependency as discussed and pointed out in Texas Employers Ins. Ass'n. v. Arnold, 127 Texas 245, 92 S. W. (2d) 1019, and Federal Underwriters Exchange v. Hall, (Com. App.), 143 Texas 36, 182 S. W. (2d) 703."

The Court in connection with this holding took occasion in reversing and remanding the case, to point out that counsel for the Stanalands in his closing argument, "excepted to at the time," said to the jury:

*"Suppose he gave her a dollar a month, or ten cents a week,* put is that low if you have a mind to do it, but you have no evidence to put it that low, but if you had, it would be in part."

The Stanalands' application for writ of error was originally denied, with "Refused, Want of Merit" stamped thereon; but on motion for rehearing the original order thus refusing the application was set aside, and the application was granted on the point alleging that the company failed "to render in writing a substantially correct instruction as required by Rule 279."

The Court of Civil Appeals was correct in its statement that the charge was deficient "under the facts and circumstances disclosed" above. The definition of "dependent" however, given in the charge in connection with special issue No. 7 was a substantially correct definition of the term as used in our workmen's compensation act. Postal Mut. Indemnity Co. v. Penn. (Ref. Want of Merit), 165 S. W. (2d) 495; Federal Underwriters Exchange v. Hinkle (Ref. Want Merit), 187 S. W. (2d) 122; the Arnold and Hall cases, supra. As pointed out in the Arnold case and recently reiterated in the Hall case, courts as a rule, "in determining the question of dependency, * * * merely

*outline the elements* thereof without undertaking to formulate *exact definitions,* but the idea inheres in the term itself that the relation must be such that one relies for support, *in part at least,* upon the aid of another."

A permissible method of submitting dependency is to give a simple definition of "dependent" in connection with a question (as in the present case) inquiring whether the claimant was dependent on the deceased at the time of his death, and to add such explanatory instruction as may be required by the facts of the particular case. See rule 277 and Lumbermen's Reciprocal Ass'n. v. Warner (Com. App.), 245 S. W. 664. Another method is to include in the definition such language as obviates the necessity for explanatory instruction, substantially as was employed in Postal Indemnity Co. v. Penn, as follows:

"By the term 'dependent' * * * used in this charge, is meant: One who is sustained by another or relies in whole or in part for support upon the aid of another, who looks to another * * * in whole or in part for reasonable necessaries in a substantial amount aiding the recipient to live consistent with * * * (his) position in life."

As in effect stated by the Court of Civil Appeals in the Penn case, after citing (among others) the Arnold case, the definition of "dependent" was such that there was no necessity for explanatory instructions.

In the Hinkle case, supra, in which this Court denied the application for the writ, the Court of Civil Appeals correctly said:

"The Court charged the jury, in effect, that defendants in error must show that they were dependent, in whole or in part, upon the labors of the deceased for support. Support is a flexible term and includes something more than the bare necessities of life. It includes also the ordinary comforts *and conveniences which are reasonably appropriate to the parties' station in life*—such as were actually being enjoyed by them at the time of and prior to their son's death. * * * *If the parents were dependent, in whole or in part,* upon the labors or contributions of the deceased son for *such support,* they were, we think, dependents within the meaning of the law."

Since the case must be reversed and the cause remanded on other points of law and since proceedings identical with those detailed above will doubtless not recur upon another trial, we

need not determine whether we would reverse the case solely on the failure of the trial judge to add to his charge the explanatory instruction as was suggested by the company, found only among numerous objections to the charge as set out above.

■ The trial court erred in permitting Mrs. Stanaland to testify, over proper objections, which, in her opinion, "furnished the greater part of the necessary furnishings for the family's use," Ed Miller, her brother, or Virgil Stanaland, her husband. One objection of counsel for the company was that the answer would be a conclusion of hers. The court said: "I will give you your bill." Counsel for Mrs. Stanaland continued with the witness: "The court says you may make the comparison." Further objection was then made that while the witness could state the facts, it was "for the jury to pass on whether it was furnishings, or whether it was a gift, or * * * in payment of board." The court again said he would give counsel his bill. The substance of the witness' answer was that "it would be about the same," that is that her husband and the brother furnished about equally the "furnishings," for the home. Furthermore it appears that two different periods of time were, under the evidence, to be considered in answering the question whether Mrs. Stanaland was a dependent of deceased at the time of his death. Ed died December 10, 1943. He had not lived at the Stanalands since possibly as far back as the spring of 1942. He went when he left the Stanalands after living with them some months, to Kilgore, some distance away, where he died. The assistance claimed in the two periods was not identical in character. The court erred in not sustaining the objections made.

■ The testimony called for from Ivan Stanaland as to whether "deceased *promised* to help them (the Stanalinds) buy a farm," was inadmissible also. Dependency under the provisions of the workmen's compensation act is determinable by the facts shown to exist at the time of the death of the deceased. See the Arnold case, supra. Testimony that obligations were contracted pursuant to a *promise* of deceased to pay them off was not competent under the record before us. See the Hall case, 143 Texas 36, 42, 182 S. W. (2d) 703, loc. cit. 706, including the reference in the opinion to Schneider's Workmen's Compensation law. The testimony called for should not have been admitted.

The special exception to the portion of the Stanaland's petition to the effect that Mrs. Stanaland had large outstanding financial obligations "contracted directly in pursuance of the

*promise of the deceased* to pay off for her if she made the same," should have been sustained. The excerpt therefrom quoted above should have been stricken in response to the exception. Also, the argument quoted above made by counsel for the Stanalands to the jury, was improper; and, if it had been objected to at the time it was made, it would have been error not to sustain the objection.

As another statement of facts will be made upon another trial it is not necessary to discuss the testimony shown by the present statement, further than to say we agree with the Court of Civil Appeals that under the facts of the present record it should not be held that the question of dependency was determinable as a matter of law. Nor would we feel justified in saying that under the present record the trial court erred in submitting a lump sum issue.

The judgment of the Court of Civil Appeals reversing the trial court's judgment and remanding the cause, is affirmed, and it is so ordered.

Opinion delivered May 29, 1946.