The TRAVELERS INSURANCE COM-
PANY, Appellant,

v.

D. C. MOORE, Appellee.

No. 6688.

Court of Civil Appeals of Texas.

Beaumont.

Dec. 31, 1964.

Rehearing Denied Jan. 27, 1965.

Strong, Pipkin, Strong & Nelson, Beaumont, for appellant.

Raymond L. McDermott, Mabel Grey Howell, Houston, for appellee.

PARKER, Justice.

Appellee D. C. Moore, as a surviving but only dependent brother of Grady L. Moore, deceased, sued Travelers Insurance Company under the Workmen's Compensation Act for the death of Grady L. Moore, who died on December 31, 1960, as the result of injuries sustained in the scope of his employment with Texas Hotshot Company. The parties stipulated on all matters except the question of dependency. The trial court submitted this issue to the jury. The trial court entered judgment on the verdict in favor of the appellee.

The only issue submitted to the jury, including the definition of the term "dependent", is as follows:

"Do you find from a preponderance of the evidence that D. C. Moore was a dependent, as that term is herein defined, of Grady L. Moore, deceased, at the time of his death?

"Answer 'YES' or 'NO'.

"ANSWER YES.

"By the term 'dependent' as used in this issue is meant a person who relied in whole or in part on the assistance he received for support from the deceased, whether labor, services or things of value, as a part of his income or means of living."

Appellant, by its first two points of error, contends that, as a matter of law, appellee was not dependent upon his brother at the time of his death within the meaning of

the Workmen's Compensation Act of the State of Texas, and that at the close of appellee's evidence, the trial court should have given an instructed verdict in favor of appellant.

■ Appellant's 3rd point will be considered first, it being:

"The Trial Court erred in submitting Special Issue No. 1 of the Court's Charge and the accompanying instruction over Appellant's objections for the reason that same did not properly submit the controlling issue nor properly instruct the jury on the law applicable to the case."

Appellant objected to Special Issue No. 1 of the court's charge and particularly to the accompanying instruction for the reason that the trial court omitted from the instruction the phrase "in a substantial way" and included the language "as a part of his income". Appellant tendered a definition of "dependency" as follows:

"By the term 'dependent' is meant a person who relied, in whole or in part, upon the contributions or the labor of the deceased in a substantial way for aid and assistance toward the living or support of the dependent."

Stanaland v. Traders & General Ins. Co. (1946), 145 Tex. 105, 195 S.W.2d 118, 122, cites with approval Lumbermen's Reciprocal Ass'n. v. Warner (Tex.Com.App., Sec. A, 1922), 245 S.W. 664, holding that it was not necessary to include the clause "in a substantial way". The trial court's definition of "dependency" is in harmony with the further statement of the Supreme Court in the Stanaland Case, supra, as follows:

"In the Hinkle case [Tex.Civ.App., 187 S.W.2d 122], supra, in which this Court denied the application for the writ, the Court of Civil Appeals correctly said [187 S.W.2d 124]: 'The Court charged the jury, in effect, that defendants in error must show that

they were dependent, in whole or in part, upon the labors of the deceased for support. Support is a very flexible term and includes something more than the bare necessities of life. It includes also the ordinary comforts *and conveniences which are reasonably appropriate to the parties' station in life*—such as were actually being enjoyed by them at the time of and prior to their son's death. * * * *If the parents were dependent, in whole or in part,* upon for labors or contributions of the deceased son for *such support,* they were, we think, dependents within the meaning of the law.' (Emphasis supplied by the Court)."

The controlling issue was properly submitted under a proper instruction to the jury. Appellant's 3rd point is overruled.

■ The deceased had been living with the appellee and his wife for twenty-five (25) years, maintaining and repairing things about the home, allowing appellee and his wife to use his automobile, and paying them $40 a month for room and board, plus $50 a month contribution to their support. About August, 1960, this $50 was increased to $100, which was being contributed to appellee and by him used to pay for necessities such as groceries, utility bills, etc., using what was left over to assist in purchasing equipment for a boiler-making shop. Appellee and his wife could have lived without this support by Grady L. Moore, but they could not have lived as they did live without the contributions made by the deceased, Grady L. Moore, which contributions they had relied and depended upon at the time of his death. Excluding the $140 a month Grady L. Moore was paying to them, the other income of appellee and his wife at the time of his brother's death was some $300 per month. The evidence supports the answer of the jury. Appellant's points of error 1 and 2 are overruled.

Judgment of the trial court is affirmed.