**J. C. TURNER, Jr., Executor, Appellant,**

**v.**

**TRAVELERS INSURANCE COMPANY et al., Appellees.**

**No. 4033.**

Court of Civil Appeals of Texas.

Eastland.

April 1, 1966.

Rehearing Denied April 22, 1966.

Scarborough, Black, Tarpley & Scarborough, Davis Scarborough, Abilene, for appellant.

John J. Watts, Clyde C. Bishop, Odessa, for appellee.

COLLINGS, Justice.

This is a workmen's compensation case. Cyril A. Graham was fatally injured while in the course of his employment for Merit Builders, Inc. He was survived by an adult son, Roger Cyril Graham, an adult daughter, Donna King, his mother Ona Loreta Parker, and two sisters, Mrs. Ollie M. Rogers and Mrs. Wanda Presnall. This suit was brought by J. C. Turner, executor of the will of Ona Loreta Parker, deceased mother of Cyril A. Graham, deceased. He sought a determination of the beneficiaries of Cyril A. Graham, and to establish that the estate of Ona Loreta Parker was entitled to the death benefits owed by Travelers Insurance Company. Plaintiff asserted that Mrs. Parker was at the time of the death of her son entitled to such workmen's compensation benefits. Roger Cyril Graham, joined by his sister, answered alleging that he was a son, dependent upon his father and therefore entitled to such benefits. The jury found that Roger Cyril Graham was an adult dependent son of Cyril A. Graham, and judgment was rendered awarding to him the statutory death benefits. The executor of the mother's estate has appealed.

Appellant's brief sets out a general statement of the facts involved. This statement is not questioned by appellees, and, as set out in appellant's brief, is in substance as follows: At the time of his death, the workman Cyril A. Graham was divorced and living with his mother. He had two children, both of whom were over twenty-one years of age. A married daughter, Donna King was the oldest of his children but it is not contended that she was dependent on her father. Appellee, Roger Cyril Graham is the other child, a boy, who was twenty-one years and ten months of age at the time of his father's death. He was then living with his mother, who was divorced from his father. He was working part time in the laboratory of a hospital, earning approximately $15.00 per week and going to school as a freshman in college.

This suit was brought by the executor of the will of Ona Loreta Parker who died after the decease of her son, Cyril A. Graham. The executor claimed that Mrs.

Parker, the mother of the deceased workman, became the sole beneficiary of the workmen's compensation benefits and that her rights as such became fixed on December 13, 1964, when her son died. Roger Cyril Graham and his sister, Donna King, joined by her husband, answered alleging that Roger Cyril Graham was an adult dependent son of Cyril A. Graham and, therefore, entitled to all the workmen's compensation benefits that accrued as a result of his death. Travelers Insurance Company paid the money into the registry of the court to be delivered to the proper beneficiary.

The jury found that the adult son, Roger Cyril Graham, was dependent on his father and, based upon said findings, the court entered judgment awarding all benefits to him. On this appeal, the executor of the mother's estate insists that, as a matter of law, the mother was the beneficiary, urging that the judgment should therefore be reversed and rendered. In the alternative, appellant urges that the proof was insufficient to show that Roger Cyril Graham was a dependent adult child. Appellant also urges that the court erred in permitting Roger Cyril Graham to testify to transactions with his father over the objection that such testimony violated the terms of the "dead man's" statute; that appellee had the burden of establishing that he was dependent on his father and the court erred in failing to so place the burden of proof in the issue submitted to the jury, and that the court's definition of the word "dependent" was incorrect in that it was too broad and did not confine the jury to the particular circumstances of this case.

Appellee, Roger Cyril Graham, urges that the court did not err in awarding compensation to him as the adult dependent son even though the evidence shows the deceased workman left a mother surviving him. Article 8306, Section 8a, Vernon's Ann.Tex.Civ.St., designates the beneficiaries in such cases and provides in part as follows:

"The compensation provided for in the foregoing section of this law shall be for the sole and exclusive benefit of the surviving husband who has not for good cause and for a period of three years prior thereto, abandoned his wife at the time of the injury, and of the wife who has not at the time of the injury without good cause and for a period of three years prior thereto, abandoned her husband, and of the minor children, parents and stepmother, without regard to the question of dependency, dependent grandparents, dependent children and dependent brothers and sisters of the deceased employé; and the amount recovered thereunder shall not be liable for the debts of the deceased nor the debts of the beneficiary or beneficiaries and shall be distributed among the beneficiaries as may be entitled to the same as hereinbefore provided according to the laws of descent and distribution of this State * * *."

It is noted that the portion of Article 8306, Section 8a quoted above, provides that the benefits shall be distributed among the named beneficiaries according to the laws of descent and distribution. The Probate Code of the State of Texas, Section 38, is the governing statute in regard to descent and distribution. The portion of that statute applicable is as follows:

"(a) Intestate Leaving No Husband or Wife. Where any person, having title to any estate, real, personal or mixed, shall die intestate, leaving no husband or wife, it shall descend and pass in parcenary to his kindred, male and female, in the following course:

1. To his children and their descendants.

2. If there be no children nor their descendants, then to his father and mother, in equal portions. But if only the father or mother survive the intestate, then his estate shall be divided into two equal portions, one of which shall pass to * * * the brothers and sisters of the

deceased, and to their descendants; but if there be none such, then the whole estate shall be inherited by the surviving father or mother.

3. If there be neither father nor mother, then the whole of such estate shall pass to the brothers and sisters of the intestate, and to their descendants."

■ In appellant's point number one it is contended that the court erred in awarding workmen's compensation benefits to an adult dependent child where the proof shows that the deceased workman left a surviving mother. Article 8306, Section 8a, supra, specifies the persons who may be beneficiaries but does not list the beneficiaries in the order in which they are entitled to participate in such benefits. The statute provides that the benefits "shall be distributed among the beneficiaries as may be entitled to the same * * * according to the laws of descent and distribution." The applicable portion of the statute concerning descent and distribution, as above set out, plainly indicates that where an intestate dies leaving no husband or wife his estate shall descend to his children. The statute does not separate children into adult, minor, dependent or non-dependent children, but refers to any child of the deceased intestate. Appellee Roger Cyril Graham was a child as provided by Section 38 of the Probate Code and a dependent child as contemplated by Article 8306, Section 8a supra. He was therefore entitled to receive the benefits provided by the workmen's compensation act to the exclusion of the mother of the deceased workman. The court did not err in awarding workmen's compensation benefits to the adult dependent child Roger Cyril Graham, even though the deceased workman left a surviving mother. Appellant's first point is overruled.

In appellant's second point it is contended that the evidence was insufficient to support the submission of an issue on the question of the dependency of the adult child, Roger Cyril Graham. The record shows that such adult dependent child, son of the deceased workman, became twenty-one years of age about eight months before the death of his father in December of 1964. The evidence shows that Roger Cyril Graham enrolled in college in September 1964; that prior to the time he entered college his father for several years contributed approximately $20.00 per month to his support, and that after the son enrolled in college the contributions were increased to approximately $80.00 per month. Contributions were made by the deceased workman from July of 1962 until the time of his death in December of 1964. Prior to the time Roger Cyril Graham entered college in September of 1964, he had been earning approximately $30.00 per week, but after entering college his earnings amounted to only $15.00 per week. Mrs. Ruby Graham, the mother of Roger Cyril Graham testified that her son was more than twenty-one years of age when his father passed away and that the father had contributed approximately $240.00 to the support of Roger Cyril Graham during the fall of 1964; that such funds were spent on necessities for Roger Cyril Graham and that Roger Cyril Graham's father contributed substantially to the support of Roger Cyril Graham prior to the fall of 1964.

■ It is held that the test in such cases is "[w]as the alleged beneficiary relying in whole or in part upon the labors of deceased for support?" Federal Underwriters Exchange v. Hinkle, 187 S.W.2d 122 (Tex.Civ.App. Ref.W.M.). An examination of the evidence as a whole in our opinion shows that the evidence is sufficient to support the submission of an issue on the question of the dependency of the adult child, Roger Cyril Graham. Appellant's second point is overruled.

Roger Cyril Graham was permitted to testify, over appellant's objection, about contributions to him by his father during the three months he was in college, immediately prior to his father's death. It is contended in appellant's third point that the court erred in permitting the adult child to

testify to such transactions with his father over appellant's objection that such testimony violated the terms of the "Dead Man's Statute". The statute in question is Article 3716, V.A.T.C.S., and provides as follows:

"In actions by or against executors, administrators, or guardians, in which judgment may be rendered for or against them as such, neither party shall be allowed to testify against the others as to any transaction with, or statement by, the testator, intestate or ward, unless called to testify thereto by the opposite party; and the provisions of this article shall extend to and include all actions by or against the heirs or legal representatives of a decedent arising out of any transaction with such decedent."

It is also to be noted that Article 8306, Section 8a, V.A.T.C.S. provides in part as follows:

"Such compensation shall not pass to the estate of the deceased to be administered upon, but shall be paid directly to said beneficiaries when the same are capable of taking, under the laws of this State, or to their guardian or next friend, * * *."

■ This is not a suit by the heirs or legal representatives of the deceased workman. It is a suit by the executor of the estate of the mother of the deceased workman, claimed to be the beneficiary entitled to the benefits accruing because of his death. The workmen's compensation act specifies the benefits that named beneficiaries are entitled to receive, and Roger Cyril Graham's claim to the proceeds here in controversy is not because he is an heir of the deceased but because he was named as a beneficiary in the workmen's compensation act. The fact that the determination of whether he was the beneficiary entitled to receive such proceeds was by the terms of the workmen's compensation act determined according to the laws of descent and distribution does not alter the fact that he was entitled to recover as a beneficiary and not as an heir. The court

did not err in permitting Roger Cyril Graham, the adult child, to testify concerning his transaction with his deceased father.

The court submitted only one issue to the jury which is as follows:

"Do you find from a preponderance of the evidence that Roger Cyril Graham was not dependent, as hereinafter defined, upon his father, Cyril A. Graham, at the time of his father's death?"

The jury answered that Roger Cyril Graham was a dependent upon his father.

■ In appellant's fourth point it is contended that Roger Cyril Graham had the burden of establishing that he was a dependent upon his father and that the court erred in failing to place the burden of proof on the adult child in the issue submitted to the jury. This point is not well taken and is overruled. This suit was instituted by appellant J. C. Turner, executor of the estate of Ona Parker, the mother of the deceased. Appellant's contention was that in his capacity as executor of said estate he was entitled to all the benefits under the workmen's compensation act upon the death of her son. A claimant's rights to compensation rest not only upon allegation and proof that the claimant is one of the named beneficiaries under the workmen's compensation act, but further that the deceased workman was not survived by another named beneficiary in a higher statutory classification with preferential rights over the claimant. The executor, therefore, had the burden of proving that the adult child of the deceased workman was not a dependent child. In our opinion no reversible error is shown by the action of the court in not placing the burden of proof on the adult child in the issue submitted to the jury. United Employers Casualty Company v. Duncan, Tex.Civ.App., 151 S.W.2d 354.

■ The court in its charge to the jury defined the term "dependent" as follows:

"The term 'dependent', wherever used in this charge, is meant one who is sus-

tained by another or relies in whole or in part for support upon the aid of another, who looks to another for support, and relies on another in whole or in part for reasonable necessaries in substantial amount aiding the Recipient to live consistent with the Dependent's or Recipient's position in life."

In appellant's fifth point it is urged that the court's definition of the word "dependent" was not correct in that it was too broad and did not confine the jury to the particular circumstances of this case. The exact definition submitted to the jury in the instant case was approved in Postal Mutual Indemnity Company v. Penn, 165 S.W.2d 495, (Tex.Civ.App. Writ Ref.W.M.). The definition was also approved by our Supreme Court in Stanaland v. Traders & General Ins. Co., 145 Tex. 105, 195 S.W.2d 118.

The judgment is affirmed.