The AETNA CASUALTY & SURETY
COMPANY, Appellant,

v.

Janice Diane CASSAVAUGH, Appellee.

No. 676.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Oct. 25, 1972.

Rehearing Denied Nov. 15, 1972.

Thomas P. Sartwelle, Barry N. Beck,
Fulbright, Crooker & Jaworski, Houston,
for appellant.

David H. Burrow, George E. Pletcher,
Helm, Jones & Pletcher, Houston, for appellee.

TUNKS, Chief Justice.

This is a workmen's compensation death
case. The claimant in the trial court was
Mrs. Janice Diane Cassavaugh, adult
daughter of the deceased William Andrew
Stoddard. She will sometimes be referred
to herein as the claimant. The only issue
of fact presented by the evidence in the
trial court was the question of the claim-
ant's dependency upon her father at the
time of his death. All other elements of
her cause of action were uncontroverted.
In answer to the one special issue submitted
the jury found that the daughter was de-
pendent upon her father for support. The
trial court rendered judgment for the

claimant upon such verdict and uncontroverted facts. The insurance carrier appeals.

The first three of appellant's points of error challenge the evidentiary support for the jury's finding upon the no evidence, factually insufficient evidence and against the weight of the evidence bases. Those points of error are overruled.

The claimant's parents were divorced when she was about a year old. She maintained some contact with her father until she was about 13 years old. From that time until about a year before the trial neither she nor her father knew where the other was. The daughter married in 1962, had a son born in 1963 and was divorced in 1965. The decree by which she was divorced did not require her son's father to pay any child support and he had not voluntarily paid any such support. About a year or eighteen months before her father's death, which occurred on September 10, 1969, claimant located her father in Louisiana. From that time the two had maintained correspondence.

Some months before his death claimant's father had moved to Houston where he was employed as a night attendant in a filling station. He earned $120 a week. His death resulted from injuries he received in a robbery of the station at which he worked.

Before her father's death the claimant lived in California where she worked as a secretary for some real estate appraisers. During the summer of 1969 her father began sending her money. He sent her fifty to seventy dollars—ten to twenty dollars at a time. He wrote to her asking her to come to Houston. She agreed to do so and he sent her $200 with which to pay her fare. She came in August and stayed a week. Her father paid her motel bill while she was here. At her father's request she made application for employment in Houston and was so employed at a salary of $500 a month as a secretary. While she was in Houston her father gave her $30 in

cash and paid a $50 deposit on her apartment into which she arranged to move. She returned to California on August 23, 1969, gave notice to her employers there and began preparations to move to Houston. While there her father sent her $10 as a birthday gift. She had not yet moved to Houston at the time of her father's death, but had relinquished her job in California, had accepted employment in Houston and did move after her father's death.

During the five or six months before his death the father had spent about $350 on his daughter. It is true that a large part of that amount was for expenses in coming to Houston. That trip, however, was not purely for pleasure. At least one purpose, if not the dominant purpose, in the claimant's coming to Houston was to seek and obtain employment, which she did. It is not necessary that an adult daughter be totally dependent upon her father to qualify as a beneficiary under Vernon's Tex.Rev.Civ.Stat.Ann. art. 8306, sec. 8a (1923). It is sufficient if she is partially dependent for support even though she could have subsisted without his contributions. Postal Mut. Indemnity Co. v. Penn, 165 S.W.2d 495 (Tex.Civ. App.-Amarillo 1942, writ ref'd w. o. m.). There is evidence here showing such partial dependency and the jury's finding of it is not so against the weight of the evidence as to require reversal.

The special issue submitted by the trial court was:

"SPECIAL ISSUE NO. 1

Do you find from a preponderance of the evidence that at the time of the death of William Andrew Stoddard, Diane Cassavaugh was dependent for support, in whole or in part, on William Andrew Stoddard for any contributions, services, or other things of value she was receiving from him?

Answer "We do" or "We do not".

The jury answered "We do." No special instruction relating to such issue was given.

The insurance carrier objected to the special issue for the reason that its language would permit an affirmative answer even if the daughter expected and received only "insignificant, minor contributions", whereas, under the workmen's compensation law she was not a beneficiary unless she depended upon "substantial" contributions from her father. The carrier also requested a special issue to be given instead of that given by the court, which requested issue was accompanied by a special definition of "dependent" that included the element of substantiality. The carrier's objection to the charge was overruled and the requested issue and definition were refused. Such action is assigned as error.

In Traders & General Ins. Co. v. Stanaland, 189 S.W.2d 55 (Tex.Civ.App.-Texarkana 1945, aff'd 145 Tex. 105, 195 S.W. 2d 118) a sister of a deceased employee claimed to be a workmen's compensation beneficiary because of her dependency on the employee. There was uncorroborated testimony by the claimant that for a period of about 18 months before his death the employee had given her $15 to $18 a month, along with smaller contributions during an earlier period. The trial court submitted a dependency issue and definition that did not include the element of substantiality of the contributions depended upon. The carrier objected and requested a charge including such element. The record showed that the claimant's attorney had argued to the jury that under the charge given it should find dependency if the deceased employee had contributed only a dollar a month or 10 cents a week. The Court of Civil Appeals reversed the trial court's judgment for the claimant saying at page 58:

"Under the facts and circumstances disclosed by this record, it is thought that the tendered instruction of defendant, or one similar in effect, should have been given the jury to meet the deficiency complained of so as to comply with the requirements of dependency as discussed and pointed out in Texas Employers Ins. Ass'n v. Arnold, 127 Tex. 245, 92 S.W.2d 1019, and Federal Underwriters Exchange v. Hall, Tex.Sup., [143 Tex. 36,] 182 S.W.2d 703."

The Court of Civil Appeals holding in the Stanaland case was affirmed in Stanaland v. Traders & General Ins. Co., 145 Tex. 105, 195 S.W.2d 118 (1946). The Supreme Court, apparently referring to the jury argument made by the claimant's attorney, held that under the facts and circumstances disclosed the charge was deficient. It said, however, that the trial court's definition of dependent was substantially correct, that there were several permissible ways of submitting such a charge and that it did not determine whether it would reverse the trial court solely on the trial court's failure to charge the jury as requested by the carrier.

In Travelers Insurance Company v. Moore, 386 S.W.2d 634 (Tex.Civ.App.-Beaumont 1964, writ ref'd n. r. e.) a surviving brother sued for death benefits under the workmen's compensation statute. The trial court's charge on the dependency issue did not include any requirement that there be dependency on substantial contributions. The carrier objected because the charge omitted the phrase "in a substantial way." The objection was overruled. The Appellate Court held the issue was properly submitted.

The appellant here seeks to distinguish the Moore case on the ground that there the deceased had made large contributions to the beneficiary for a long period of time. The deceased had contributed as much as $140 a month for 25 years. The Appellate Court did not base its holding as to the propriety of the charge on that fact. The amount and duration of the contributions were considered only in connection with the points having to do with the evidentiary support for the jury's findings of dependency.

**818**

The issue submitted in this case was in the form suggested in Vol. 2, Texas Pattern Jury Charges, sec. 29.06 (1970). However the authors of that work stated a caveat as follows:

"CAVEAT. It has been held that there is no need to qualify the amount of support by adding the word 'substantial' in the issue. See Travelers Ins. Co. v. Moore, 386 S.W.2d 634 (Beaumont Civ. App.1964, writ ref., n. r. e). However, some decisions have indicated that the decedent's contributions must have been of a 'substantial' amount. Hinkle v. Federal Underwriters Exchange, 152 S.W.2d 387 (Ft. Worth Civ.App.1941, writ ref., w. o. m.); Rodriguez v. Texas Employers' Ins. Ass'n, 36 S.W.2d 510 (Galveston Civ.App.1930, no writ hist.)."

Despite that caveat it apparently was the concensus of the opinion of the authors that the Court's charge on the dependency issue need not instruct that there must be dependency upon substantial contributions to support. In the two cases cited as the basis for the caveat, as in the Moore case, the Courts considered the factor of substantiality in determining whether there was evidentiary support for a fact finding on the issue of dependency.

Appellant's points relating to the form of the dependency issue are overruled.

During the presentation of evidence the claimant identified several letters she had received from her father. The carrier objected to the admissibility of the letters and the court overruled the objection. That ruling is the subject of a point of error by appellant. That point is overruled.

Appellant does not cite any authority in support of its point. The complaint is because the letters show "the emotional involvement of a father for his daughter" and thus arouse jury sympathy. The fact shown of which appellant complains is the very reason that the letters were admissible. The affection of the father for

his daughter was relevant evidence that the daughter could depend upon him for contribution to her support. Statements showing one person's affection for another are admissible where that fact is relevant. See 1C. McCormick & R. Ray, Texas Evidence, sec. 892 (2d ed. 1956).

The judgment of the trial court is affirmed.